UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Bremer Bank, National Association,

        Plaintiff,

v.                                                        Civil No. 06-2372 (JNE/RLE)

Rodney Hagen, Jill M. Hagen,
United States of America, acting through the
Farm Service Agency, Hagen Brothers,
a Minnesota Partnership, Wesley Hagen,
and J. Doe I-V,

        Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

THE ABOVE-ENTITLED MATTER came on for hearing before the Court on the 5th day of March, 2007 upon motion of Plaintiff Bremer Bank, National Association, for default judgment and summary judgment. Appearances were noted in the record. Based upon the proceedings had and all files and affidavits herein, the Court finds as follows:

**Findings of Fact**

1.      Defendants Rodney Hagen and Jill M. Hagen made, executed and delivered to Plaintiff a Promissory Note dated April 29, 2004, in the original amount of $190,000.00. The Promissory Note is subject to a Change in Terms Agreement dated May 3, 2005. True copies of the Note and Change in Terms Agreement are attached to the Amended Complaint.

2.      The subject loan is secured by a Mortgage dated April 29, 2004. A true copy of the Mortgage is attached to the Amended Complaint.

3.      Defendants Rodney and Jill Hagen defaulted under the above described loan, having failed to make the payment of $16,086.60 which was due on August 1, 2005, and a like

1

amount which was due on May 1, 2006.  Despite due demand for payment, Defendants failed to cure the default, and the underlying loan has been accelerated.

4. As of January 10, 2007, there is due and owing under the above Note obligation the sum of $221,634.91, together with interest thereafter of $35.62 per day until paid.  Plaintiff has also incurred fees and costs and is entitled to the same under the loan documents.

5. Plaintiff's Mortgage covers various parcels of real property found and located in Otter Tail County, Minnesota.  The subject real property is more specifically described in Exhibit A attached to the Mortgage.  Plaintiff has recently obtained updated Owner's and Encumbrance Reports dated December 11, 2006, from N.F. Field Abstract Company, LLC, of Fergus Falls, MN.  The Report is separated by parcels and true copies of the Reports are attached to the Plaintiff's Affidavit and referred to herein as Report No. 1, Report No. 2, Report No. 3, Report No. 4 and Report No. 5.

6. The Reports reflect in part the following:

**Report No. 1.**  The subject real property is owned by Defendants Rodney and Jill Hagen as joint tenants.  Plaintiff holds a first mortgage against the subject real property.  Defendant United States of America, acting through the Farm Service Agency (FSA) holds a second mortgage.

**Report No. 2.**  The property is owned by Rodney and Jill Hagen as joint tenants, subject a life estate reserved to Jay and Ruby Hagen.  Plaintiff holds a first mortgage in the subject property, subject only to the rights of Jay and Ruby Hagen under the life estate.

**Report No. 3.**  The property is owned by Rodney and Jill Hagen as joint tenants, subject to a life estate reserved by Jay and Ruby Hagen.  FSA holds a first mortgage against the subject real property followed by a junior mortgage in favor of Plaintiff.

**Report No. 4.**  The subject property is owned by Defendants Rodney and Jill Hagen, as joint tenants.  FSA holds a first mortgage against the subject property followed by the junior mortgage of Plaintiff.

**Report No. 5.**  The subject property is owned by Rodney and Jill Hagen, husband and wife, as joint tenants.  Neither Plaintiff or FSA holds a mortgage on the subject real property as of the date of the report.

7. As of the date of the Reports, Defendants Hagen Brothers, a Minnesota partnership, and Wesley Hagen, no longer have any liens or claims of record, said liens and claims apparently having been resolved during the pendency of this action.

8. The only remaining claims in this action relate to the $190,000.00 Note and Mortgage. Plaintiff no longer asserts any claim with respect to the $25,000.00 Note and $29,000.00 Note (as described in the Amended Complaint), nor the personal property collateral (as described in the Complaint). The $29,000.00 Note and $25,000.00 Note together with personal property collateral were the subject matter of a claim and delivery (replevin) motion which was brought while this matter was still pending in state court. Those claims were resolved at or around the time said set for the replevin hearing on April 20, 2006.

9. In addition, although Plaintiff held a lien interest in the real property more specifically described in Report No. 5, during the pendency of this action, Defendants Rodney and Jill Hagen obtained refinancing of a loan with Plaintiff not related or subject to this action. The refinancing resulted in pay off of the Defendants' unrelated loan with Plaintiff, and in consideration thereof together partial attorney's fees application by Defendants, Plaintiff agreed to and did release the real property described in Report No. 5 from the Mortgage.

10. Plaintiff is a National Banking Association with offices in, among other places, Detroit Lakes, Minnesota.

11. Defendants Rodney and Jill Hagen reside in Pelican Rapids, Minnesota.

12. The real property which is the subject matter of this action is located in Otter Tail County, Minnesota.

13.     Plaintiff's Mortgage constitutes a lien upon the subject real property and provides that in the event of foreclosure, Plaintiff is entitled from the proceeds of sale to be paid its costs and attorney's fees permitted by law.

14.     The mortgaged real property is agricultural non-homestead property.

15.     Defendants Rodney Hagen and Jill M. Hagen, as well as United States of America, acting through the Farm Service Agency, have each answered the Amended Complaint of Plaintiff.

16.     Defendants Hagen Brothers, a Minnesota Partnership, and Wesley Hagen have not served or filed an answer to the Amended Complaint despite the passage or more than twenty days, and thus, are in default of the action.

17.     The J. Doe Defendants are individuals and entities whose true identities are unknown to Plaintiff.

18.     The lien of Plaintiff's Mortgage is prior and superior to the interests of all Defendants in and to the real estate described as follows:  See attached Exhibit A.

19.      The lien of Plaintiff's Mortgage is prior and superior to the interests of all Defendants _other_ than the United States of America, acting through the Farm Service Agency, as to the following described real property:  See attached Exhibit B.

20.     All prerequisites to foreclosure, including notice of default and intention to foreclose have been complied with by Plaintiff.

21.     The foregoing Mortgage constitutes a valid and subsisting lien against the subject real property.

## **CONCLUSIONS OF LAW**

There are no genuine issues of fact, only issues of law and Plaintiff is entitled to Judgment against the Defendants as follows:

    A.    Judgment against Defendants Rodney Hagen and Jill M. Hagen in the aggregate sum of $226,885.18, consisting of principal and interest of $223,558.39, Plaintiff's costs and disbursements in the amount of $1,461.79 and reasonable attorneys fees of $1,865.00; together with interest from and after March 5, 2007 of $35.62 per day until entry of judgment herein;

    B.    For a determination that Plaintiff's Mortgage constitutes a first and paramount lien in the real property more fully described in Exhibit A attached hereto, and is superior to the interests of all of the Defendants;

    C.    For determination that Plaintiff's Mortgage constitutes a lien subject only to the prior lien of the United States of America, acting through the Farm Service Agency, in the real property more fully described in Exhibit B, and is superior and paramount to the interests of all of the Defendants with the exception of the United States of America, acting through the Farm Service Agency;

    D.    Adjudging and directing a sale of the mortgaged premises described herein as provided by law, and the application of the proceeds of such sale, after deducting the costs thereof, to the payment of the amount adjudged to be due plus further interest and costs, including attorney's fees, directing the sheriff of Otter Tail County to proceed to sell such premises according to

   the provisions of law relating to the sale of real estate on execution, and thereafter to make a report to the Court with respect to such sale;

E.  Directing the issuance of an execution of the Judgment against Defendants Rodney Hagen and Jill M. Hagen for any deficiency which may remain after applying all proceeds of such sale to the Judgment;

F.  Barring and foreclosing each and all of the Defendants from any equity of redemption, lien or interest in the real property described in Exhibit A except the right to redeem from said sale under Minnesota law;

G.  Barring and foreclosing each and all of the Defendants other than the United States of America, acting through the Farm Service Agency, from any equity of redemption, lien or interest in the real property described in Exhibit B, except the right to redeem from said sale under Minnesota law;

H.  Plaintiff is entitled to foreclosure of the Mortgage described herein and the Sheriff of Otter Tail County is hereby directed to sell the mortgaged premises in one parcel and in the manner and form provided by Minnesota law relating to the sale of real estate upon execution;

I.  The proceeds of sale shall be applied first in payment of the cost and expenses of the sale and then to the payment of the amount adjudged to be due, plus interest and any overage from said sale shall be paid to the court to abide the further order of the court with respect thereto.  In the event that there is a deficiency, the Plaintiff shall be allowed a deficiency judgment against the Defendants pursuant to Minnesota Statutes §§ 581.09, .30;

J.  The Sheriff shall make a report of said sale and said sale shall be subject to confirmation by the court.  Upon confirmation of sale, the Sheriff shall execute and deliver to the purchaser a certificate of sale;

K.  Upon confirmation of the sale, the court administrator shall satisfy the judgment herein to the extent of the sum bid of the premises, less cost and expenses of the sale, and less other attorney's fees as determined by the court.  If after application of said proceeds, any part of said judgment remains unsatisfied, execution may then issue for such unsatisfied judgment balance.  The subject Defendants and all persons claiming through them shall be forever barred and foreclosed from any interest, lien or equity of redemption in said mortgaged premises except the right of redemption as provided by law, and as further provided herein with respect to the interest of the United States of America, acting through the Farm Service Agency, in the real property further described in Exhibit B.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 12, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge